UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERRY ANNE REGAN, Plaintiff, | 11 CIV 4511 |
| vs. | |
| THE BENCHMARK COMPANY LLC, TRINET GROUP, INC., ADAM GORDON and RICHARD MESSINA, Defendants. | |

**AFFIRMATION OF KATHERINE B. HARRISON IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

KATHERINE B. HARRISON affirms under penalty of perjury:

1. I am a member of the bar of this Court, admitted to practice law before the courts of the State of New York, and a member of Paduano & Weintraub LLP, counsel for defendants The Benchmark Company LLC, Adam Gordon and Richard Messina (together "Defendants") in this action.

2. I respectfully submit this Affirmation in support of Defendants' Motion to Dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

3. A true and correct copy of Plaintiff's Equal Employment Opportunity Commission Charge, referenced in paragraphs 5, 141, 142, 155 and 164 of the Complaint, is annexed hereto as Exhibit A.

Dated: New York, New York
August 19, 2011

Katherine B. Harrison

# EXHIBIT A

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

THE BENCHMARK COMPANY, LLC
Director, H.R./Legal Dept.
40 Fulton Street, 19th Floor
New York, NY 10038

PERSON FILING CHARGE

**Kerry Anne Regan**

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**520-2007-02249**

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.
2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.
3. [X] Please provide by **18-MAY-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Michael Bertty,**
**ADR Coordinator**
*EEOC Representative*

*Telephone* **(212) 336-3846**

**New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] AGE [ ] DISABILITY [X] RETALIATION [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 26, 2007 | Spencer H. Lewis, Jr., Director | [signature] |

*Enclosure with EEOC Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☐ EEOC | 520-2007-02249 |

EEOC and

State or local Agency, if any

| NAME (*Indicate Mr., Ms., Mrs.*) | HOME TELEPHONE (*Include Area Code*) | |
|---|---|---|
| Ms. Kerry Anne Regan | 917-626-0758 | |
| **STREET ADDRESS** | **CITY, STATE & ZIP CODE** | **DATE OF BIRTH** |
| 100 Manhattan Avenue, Apt. 2005 | Union City, NJ 07087 | 12/3/73 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (*Include Area Code*) |
|---|---|---|
| The Benchmark Company, LLC | Approximately 120 | 212-312-6700 |
| **STREET ADDRESS CITY, STATE, AND ZIP CODE** | | **COUNTY** |
| 40 Fulton Street, 19th Floor, New York, NY 10038 | | New York |
| **NAME** | | **TELEPHONE NUMBER** (*Include Area Code*) |
| Gevity HR, Inc. | | 212-573-6800 |
| **STREET ADDRESS CITY, STATE, ZIP CODE** | | **COUNTY** |
| 122 East 42nd Street, Suite 700, New York, NY 10017 | | New York |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE

☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (*specify*)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (adea/epa) LATEST (ALL)
Continuing

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet (s)):

See attached sheet.

RECEIVED
APR 2 2007
EEOC-NYDO-ENFORCEMENT

*NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the be of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Anne Golden

ANNE GOLDEN
Notary Public, State of New York
Westchester County, REG#02GO4729811
My Commission Expires November 20, 2010

I declare under penalty of perjury that the foregoing is true and correct.

Date 3/28/07

Charging Party (*Signature*)

EEOC FORM 5 (Test 10/94)

RECEIVED
APR 2 2007
EEOC-NYDO ENFORCEMENT

The particulars are:

1. I am a woman. I have worked for Respondent Benchmark on a trading floor as an Institutional Equity Trader since March 3, 2003. I report directly to Adam Gordon, the co-CEO. My performance was always good, although I never had a formal evaluation.

2. The vast majority of the traders on the trading floor are men. The atmosphere on the floor is one of constant sexual talk, sexual references, pornography on the men's computers, and other very offensive actions. They would talk about hookers, blow jobs, and sex, and would add "That's what women are good for." Robert Bourque, one of the worst offenders, bragged about slapping a woman on a business trip to Chicago and told me I was next. The men would look on CNBC online and comment about each woman they saw, "Wouldja? Wouldja?" One of the traders was complaining about his wife recently, and another said "Tell that bitch to ...." Mr. Gordon would come out of his office rubbing his hands and say "Yep, the wife's going away again! I'm gonna have some nights out!" One trader saw me in a suit and asked, "Where ya ho'd up to go tonight?" When I was unable to get business from one account, a senior manager said "I guess you just didn't service him good enough. Hey, I would have blown Phil for half a million shares." This kind of thing went on all day long, and still does. I often objected, but it happened so much that I sometimes just tried to tune it out.

3. I began complaining to Mr. Gordon and to Richard Messina, the other co-CEO, about the atmosphere on the trading floor and about Robert Bourque in approximately 2004. They said they had a file on him, but nothing was done. I said on March 16 that I needed this to be formally documented, and Mr. Gordon said in that case, he was opening an investigation on me. I asked why, and he did not tell me. I had contacted a representative of the outsourced HR company, Respondent Gevity, and she was too busy to respond to me.

4. I made a written complaint to Mr. Gordon and Mr. Messina about the sexism and the hostile environment on March 19 or 20. They failed to address it; on March 21 Mr. Gordon called me in to interrogate me about my complaint. I asked why no representative of Gevity was there, and Mr. Gordon said "I am HR."

5. I told the firm's Compliance Officer, Donald O'Connor, that Mr. Gordon and Mr. Bourque were such close friends that I did not think anything would be done. Mr. O'Connor said he did not want to be in the middle of this, and said "I just do what Adam tells me."

6. Since then, Mr. Gordon has pretended to investigate my complaint by ostentatiously calling in one man after another (as well as one of the two other women traders) to his office. They are all laughing on the way in, while they are there, and on the way out. Some of the men play sexual harassment videos on their computers and make fun of them. Almost no one speaks to me now.

7. I am a woman. I was sexually harassed and then "investigated" after I objected to the harassment, and I have been further harassed in retaliation for my opposition to the sexual harassment. Based upon the above, I charge Respondents with violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as well as the New York State Human Rights Law, N.Y. Exec. L. §§ 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq.