Robert L. Levy (RL-1633)
BANTLE & LEVY LLP
817 Broadway
New York, New York 10003
(212) 228-9666
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERRY ANNE REGAN,<br><br>Plaintiff,<br><br>-against-<br><br>THE BENCHMARK COMPANY LLC, TRINET GROUP, INC., ADAM GORDON, and RICHARD MESSINA<br><br>Defendants. | 11 CIV. 4511 (CM) |

**AFFIRMATION OF ROBERT L. LEVY IN OPPOSITION**
**<u>TO THE BENCHMARK DEFENDANTS' MOTION TO DISMISS</u>**

ROBERT L. LEVY, an attorney duly licensed to practice law in the State of New York and a member of the bar of this Court, affirms as follows pursuant to the laws of perjury:

1. I am a member of Bantle & Levy LLP, attorneys for plaintiff, Kerry Anne Regan in this action.

2. I respectfully submit this affirmation in opposition to the Benchmark Defendants' Motion to Dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit 1 is a true and correct copy of Regan's Equal Employment Opportunity Commission Charge of Discrimination, dated October 28, 2008.

4. Attached hereto as Exhibit 2 is the Equal Employment Opportunity Commission Determination, dated July 8, 2010, in which it found, *inter alia,* that, "based on the totality of the evidence . . . there is reasonable cause to believe" plaintiff's Title VII rights had been violated by Benchmark and Gevity. The Determination is referred to in paragraph 5.b. of the Complaint.

Dated: New York, New York
September 13, 2011

Robert L. Levy (RL-1633)

# Exhibit 1

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): Amended 520-2007-02249

New York State Division Of Human Rights and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Kerry Anne Regan | (917) 626-0758 | 12-03-1973 |

Street Address / City, State and ZIP Code

c/o Katy Marzinko, 88 Fairway Drive, Ormond Beach, Florida 32176

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| THE BENCHMARK COMPANY LLC | 101 - 200 | (212) 312-6700 |

Street Address / City, State and ZIP Code

Director, H.R./Legal Dept., 40 Fulton Street, 19th Floor, New York, NY 10038

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| GEVITY HR, INC. | | (212) 573-6800 |

Street Address / City, State and ZIP Code

122 East 42nd Street, Suite 700, New York, NY 10017

RECEIVED OCT 28 2008 EEOC-NYDO-CRTIU

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest Latest

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Since the filing of my initial EEOC Charge on April 2, 2007, Respondent has continued its retaliatory behavior.

In June 2008, my hardship loan against my 401K defaulted. I had inquired with Gevity as to how to make payments towards this loan after requesting a deferment. I wanted to send the payments in by personal checks. However, I was told by Gevity that the only way to pay back their 401K loans was via paychecks or one payment in full. Since I was no longer receiving a paycheck, and did not have the large sum of money to pay back in June, my 401K loan defaulted and cannot be replenished.

Following my constructive discharge from Benchmark on or about July 11, 2008, Gevity has never contacted. I have not received any documentation regarding my 401K, so that I could rollover my 401K into an IRA, nor did I receive any acknowledgment of me no longer being employed by Gevity or Benchmark.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

MINNA R. YELLIN
Notary Public, State of New York
No. 01YE6062269
Qualified in Kings County
Commission Expires 7/19/ 2009 Minna R. Yellin

I declare under penalty of perjury that the above is true and correct.

10/28/08 Kerry Anne Regan

Date Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

10/28/08 Kerry Anne Regan

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

10/28/08

EEOC Form 5 (5/01)

| **CHARGE OF DISCRIMINATION** | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2007-02249 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On or about September 6, 2007, Respondent's attorney was given a courtesy copy of the Supplemental Affidavit filed with the EEOC on that same day. On or about September 13, 2007, I was informed by Respondent that I would be reporting to my "new office location" in Jersey City, NJ. However, However, there is no official Benchmark office in Jersey City. I was involuntarily transferred to an isolated, windowless 9'x9' room. While at that location, I was given no support staff, no traders, and no Benchmark presence aside from my self.

On the day Mr. Gordon told me of my transfer, when I objected, I was told that I was moved because I had complained about the environment in the New York City office. I was then told by Mr. Gordon to get out of his office and threatened that he would to call security and have me escorted out of the building. I was not given the opportunity to pack my personal belongings.

As a result of the hostile work environment and retaliatory treatment, my health suffered immensely and I was compelled to take a medical leave of absence . On or about April 29, 2008, five months into my six month leave of absence, my medical benefits were terminated.

I am aware that Benchmark has made negative and false statements on my Form U5 in addition to having disclosed unnecessary medical disclosure information.

Although Benchmark repeatedly asked my attorney, Ms. Golden for my permanent address, and was given the address of the law firm, Respondent has never communicated with me, and continues to withhold my personal belongings.

I believe Respondent has continued its retaliatory behavior in violation of Section 704 (a) of the Civil Rights Act of 1964, as amended

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | MINNA R. YELLIN<br>Notary Public, State of New York<br>NOTARY – When necessary for State and Local Agency Requirements<br>Qualified in Kings County<br>Commission Expires 7/19/2009 Minna R. Yellin |
| I declare under penalty of perjury that the above is true and correct.<br><br>10/28/08 [signature]<br>Date — Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>10/28/08 [signature]<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>10/28/08 |

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3630
TTY (212) 336-3622
FAX (212) 336-3625

Ms. Kerry Anne Regan — Charge No. 520-2007-02361 as amended
88 Fairway Drive
Ormond Beach, Florida 32176 — Charging Party

Bantle & Levy LLP
817 Broadway
New York NY 10003

The Benchmark Company, LLC
40 Fulton Street 19th Floor
New York, NY 10038 — Respondent

Paduano & Weintraub LLP
1251 Avenue of the Americans Ninth Floor
New York NY 10020

Gevity HR, Inc.
122 East 42nd St., Ste. 700
New York, NY 10017 — Respondent

Duane Morris LLP
1180 West Peachtree Street Suite 700
Atlanta GA 30309

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the 1964 Civil Rights Act, as amended ("Title VII").

All requirements for coverage have been met. Charging Party alleges that throughout her employment with Respondents she and other women were continually exposed to a sexually hostile work environment. Charging Party alleges that she frequently saw pornography on male traders' computers, and that she witnessed constant sexual banter and other sexually offensive behavior by Respondent's CEO and by male traders. She states that she began complaining to Respondents' officials regarding the hostile work environment and also about offensive behavior by a specific trader in approximately 2004. Charging Party states that she complained again in 2007, and when she asked that her complaint be formally documented, she was told that she would be the one investigated. Charging Party alleges that following her internal complaint, she

was harassed and treated poorly by Respondents. Charging Party alleges that subsequent to the filing of her EEOC Charge and shortly after Respondents received a copy of the supplemental affidavit to her charge, Respondents continued to retaliate against her by involuntarily transferring her to an isolated office in New Jersey, where, among other things, she lacked support staff, resources, and the ability to process trades. She suffered a severe loss of income, all of which contributed to the deterioration of her health, and ultimately led to her constructive discharge. Charging Party alleges that after she filed her EEOC charge, Respondents continued their retaliatory behavior. Charging Party had a hardship loan against her 401K with Respondents and that Gevity caused Charging Party to default due to Gevity's refusal to cooperate with her requests regarding how she could make or defer payments.

Respondent Benchmark asserts that its investigation of Charging Party's allegations has revealed no sexual harassment or gender discrimination. Respondent states that Charging Party has personal issues and has displayed inappropriate and embarrassing behavior both in the office and with clients. Respondent states that Charging Party's accusations of co-workers and senior-level traders engaging in crude, sexually explicit conversations, degrading comments regarding women, and watching of pornography by co-workers, are "largely false." Respondent denies having constructively discharged Charging Party and asserts that Charging Party requested employee leave under the Family Medical Leave Act, utilized all of the twelve weeks of leave, and thereafter, applied for and was granted short-term disability leave. Respondent states that on July 11, 2008, Charging Party emailed her managers claiming that Respondent had "constructively discharged her." However, several days later it became aware that Charging Party had taken a new job with another brokerage firm.

Respondent Gevity denies that it is an employer of Charging Party.

Credible evidence, including witness testimony, corroborates Charging Party's allegations of a pervasive sexually hostile work environment. Furthermore, there is evidence that the hostile work environment was condoned by Respondent officials, some of whom directly participated in the unlawful behavior, including Respondent Benchmark's CEO. Charging Party's assertion that she felt compelled to unwillingly participate in certain offensive behavior is credible. The evidence shows that Charging Party and a class of other female employees were victims of a sexually hostile workplace, in violation of Title VII.

A review of the totality of the evidence supports a finding that Respondent's actions toward Charging Party, including Charging Party's involuntary transfer to a non-Respondent facility in New Jersey, were in retaliation for Charging Party's protected activity. The evidence supports a finding that Charging Party was constructively discharged because conditions were so intolerable that a reasonable person under the circumstances would have felt compelled to resign.

A review of the evidence (including a document supplied by Gevity to Benchmark employees stating that "you are now a co-employee of your Employer and Gevity") supports a finding that Benchmark and Gevity are both employers under Title VII.

Based on the totality of the evidence, I have determined that there is reasonable cause to believe Respondent has violated Title VII of the Civil Rights Act of 1964, as amended. Title VII requires

that if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation will be made in accordance with Section 1601.26 of the Commission's Procedural Regulations. When the Respondent declines to enter into settlement discussions, or when, for any other reason, the Commission's representative is unable to secure a settlement acceptable to the Office Director, the Commission will so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons, and the Commission.

On Behalf of the Commission:

7/8/2010
Date

Spencer H. Lewis, Jr.
District Director